ORDERED in the Southern District of Florida on 01/02/08



Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CERTIFIED HR SERVICES COMPANY f/k/a THE CURA GROUP, INC. | Case No. 05-22912-RBR |
| JAMES S. FELTMAN | Adversary No. 07-01260-RBR |
| Plaintiff, | |
| vs. | |
| FOUNDATIONHEALTH, | |
| Defendant. | |

**MEMORANDUM ORDER GRANTING MOTION
FOR DISMISSAL WITH PREJUDICE FOR LACK OF JURISDICTION**

THIS CAUSE came before the Court on November 30, 2007 upon the Motion for Dismissal with Prejudice for Lack of Jurisdiction (DE# 18) (the "*Motion*") filed by Vista

Healthplan of South Florida, Inc. ("Vista South")  In consideration of the Motion, response of Plaintiff, argument of counsel, and the Court being otherwise duly advised in the premises, the Court hereby makes the following findings of fact and conclusions of law:

Findings of Fact

Plaintiff, James S. Feltman, Chapter 11 Trustee for the estate of Certified HR Services Company, f/k/a The Cura Group, filed the subject adversary on May 8, 2007.  This date was four days prior to the expiration of the statute of limitations for avoidance actions pursuant to 11 U.S.C. §546(a).  Plaintiff acknowledges that the statute of limitations expired on May 12, 2007 (DE# 5, ¶14).

The complaint is an action for recovery of fraudulent conveyances.  The defendant is identified in the case style as "Foundationhealth" (DE# 1).  Except for the single factual allegation in ¶ 12 of the Complaint, that "Within the four years immediately prior to the Petition Date, the Debtor transferred to Defendant a total of $407,498.30 (collectively, the "Debtor Four Year Transfers"), there are no allegations of ultimate fact regarding the recipient of the funds, the nature of the transfers, or the basis for asserting the transfers complained of are allegedly fraudulent conveyances.

On May 9, 2007, the Court issued a Summons and Notice of Pretrial/Trial for the action (DE# 2) (the "May 9th Summons"). The case style of the summons identifies the defendant as "Foundationhealth".  The summons is dated May 9, 2007 and schedules a pretrial conference for July 24, 2007.  The summons also requires a response to the complaint 25 days from the summons' issuance date or Monday, June 3, 2007.

The May 9th Summons expired at the latest on Monday, May 21, 2007 in accordance with Bankruptcy Rule 7004(e), F.R.B.P.

2

On Wednesday, May 23, 2007, Plaintiff filed an *ex parte* motion with the Court (DE# 5) to enlarge the time for service of the summons and complaint and to continue the pretrial conference for 90 days to August 16, 2007 (the "Ex Parte Motion").

Plaintiff explained in the Ex Parte Motion that he was still marshalling information and was working with incomplete information regarding the Defendant and the Defendant's address when the action was filed. (DE# 5, ¶15). In the Ex Parte Motion, however, Plaintiff changed the case style to identify the defendant as "Foundation Health n/k/a Vista Healthplan of South Florida, Inc."

The Court granted the Ex Parte Motion by Order entered May 29, 2007 (DE# 6) ("Ex Parte Order") and extended the time for service of the summons and complaint through August 16, 2007.

On the last day of the extension period under the Ex Parte Motion (August 16, 2007), Plaintiff served the original complaint (DE# 1), the May 9th Summons (DE# 2), the Ex Parte Motion (DE# 5), and the Court's other Orders (DE# 3, 6 and 9) by certified mail on Vista South's registered agent. (DE# 11). Plaintiff did not amend the complaint to describe the defendant or any additional facts and did not obtain another summons for service of process three month's after issuance of the May 9th Summons.

Based on the summons served, the response date for the complaint was already past-due more than sixty (60) days at the time of service.

Vista South filed the Motion in this matter, making a special appearance to seek dismissal for lack of jurisdiction over it. Plaintiff asserts that service of the May 9th Summons, together with the original complaint, was sufficient to vest the Court with jurisdiction over Vista South because of the Ex Parte Order.

Conclusions of Law

Bankruptcy Rule 7004(e), F.R.B.P. states:

"Service ....shall be by delivery of the summons and complaint within 10 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served."

Subdivision (f) of Bankruptcy Rule 7004 provides that "serving a summons . . . in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code." In *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S. Ct. 242, 245-46 (1946), the United States Supreme Court explained: "It is true that the service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *See also In re Van Meter*, 175 B.R. 64, 68-9 (9th Cir. BAP 1994) ("the service of a summons is the procedure by which a court asserts jurisdiction over the party being served).

Thus, the narrow issue before the Court is whether service of an *expired* summons, together with the complaint, is sufficient to vest the Court with personal jurisdiction over Vista South. In light of the clear language of subdivisions (e) and (f) of Bankruptcy Rule 7004 and *Mississippi Publishing Corp.*, the Court finds that dismissal is appropriate.

A similar situation arouse in *Premier Capital v. DeCarolis*, 2002 U.S. Dist. LEXIS 1879, (D. N.H. January 4, 2002). In *Premier* the plaintiff initiated an adversary proceeding against the defendant on August 18, 2000. On August 23, 2000 the bankruptcy court issued a summons and notice of pretrial conference. The summons was not served within the 10 days permitted by Rule 7004(e). The Plaintiff obtained an alias summons. However, the alias summons was served 15

days after issuance. The defendant moved to dismiss the case due to the stale summons. Some months later, after the expiration of the 120 day deadline in FED. R. CIV. P. 4(m) and while the previous motion to dismiss was still pending the defendant moved to dismiss on the additional ground for failure to serve the summons within the 120 day period. The bankruptcy court granted the motion to dismiss.

On appeal the district court affirmed the bankruptcy court. The district court ultimately ruled that service of a summons outside of the 7004(e) window was ineffective both under 7004(e) and FED. R. CIV. P. 4(m). *Premier Capital v. DeCarolis*, 2002 U.S. Dist. LEXIS 1879, at *19 (D. N.H. January 4, 2002).

The facts before this Court have many parallels to the *Premier* facts. The summons was served after it had already expired. The Motion to extend the time serve the summons [D.E. 5] makes no mention of the previously expired summons. The only effect of the Order [D.E.6] granting the extension is to allow the Plaintiff an extension to serve any alias summons. Further, it is inexplicable why the Plaintiff did not simply get an alias summons and serve it within the time provided for in the Order [D.E.6]. It is clear that the Plaintiff never asked for the Court to extend the time to serve the original summons, because such a request would have required a showing of excusable neglect since the summons had already expired. FED. R. BANKR. P. 9006(b)(1). The Plaintiff has only served an expired summons. Furthermore, the 120 day time period as required by FED. R. CIV. P. 4(m) expired no later then September 6, 2007. Thus as of today the Plaintiff has failed to serve a valid summons within the meaning of that rule.

The burden of compliance with the Bankruptcy Rules in serving the summons and complaint to obtain jurisdiction over the named defendant is on Plaintiff and his counsel. *See In re Van Meter*, 175 B.R. 64 (9th Cir. BAP 1994); *In re Heinz*, 131 B.R. 38. (Bankr. Md. 1991)

Case No. 05-22912-RBR<br>Adversary No. 07-01260-RBR

(Plaintiff bears responsibility for prompt service of the complaint and summons.) Dismissal for lack of compliance is warranted even if the statute of limitations has intervened. *In re Heinz,* 131 B.R. at 42.

While Plaintiff's counsel may have mistakenly or simply forgotten to verify the validity of the summons at the time of service, this inadvertence is insufficient to warrant a further enlargement of the service deadline for "good cause." Furthermore the Plaintiff had ample time to ask for, receive and serve an alias summons. The Order [D.E. 6] is of no help in validating the expired summons which was served.

Based on the Court's findings of fact and conclusions of law, the Court will enter a separate judgment in favor of defendant with prejudice.

Accordingly, it is hereby Ordered and Adjudged that the Motion for Dismissal with Prejudice for Lack of Jurisdiction is granted.

###

Copy to:
Diane Noller Wells, Esq.
Kenneth B. Robinson, Esq.